# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| DARLENE ROBINSON ET AL, | ) |
|---|---|
| Plaintiffs, | ) |
| | ) Civil Action No. 2:14-cv-01152 |
| v. | ) |
| | ) Judge Mark R. Hornak |
| HOME DEPOT U.S.A., INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge,**

This is a trip-and-fall negligence action based on events that occurred in the parking lot of a Florida Home Depot on or about November 5, 2013. ECF No. 1-1. Darlene Robinson ("Mrs. Robinson") and her husband, Michael D. Robinson, Sr. ("Mr. Robinson"),[1] allege that Home Depot, U.S.A., Inc. ("Home Depot" or "Defendant") negligently operated and maintained a parking lot at its location in Punta Gorda, Florida, which caused Mrs. Robinson to lose her balance and sustain serious injuries. *Id.* Before the Court is Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404. ECF No. 10. Having considered the Motion, Plaintiffs' Opposition, ECF No. 14, and the memoranda and supplemental memoranda in support and in opposition, ECF Nos. 11; 15; 25; 26, and for the reasons set forth below, the Court will transfer this action to the Middle District of Florida for appropriate disposition.

The Robinsons filed this suit in the Pennsylvania Court of Common Pleas in Lawrence County on or about July 28, 2014. ECF No. 1, at ¶ 4. Home Depot removed the action to this Court pursuant to 28 U.S.C. § 1441 on diversity grounds on August 27, 2014. The Complaint

---
[1] The two Plaintiffs will be referred to collectively as either "Plaintiffs" or "the Robinsons."

1

essentially alleges that Mrs. Robinson, while walking from her vehicle to the store in Home Depot's parking lot on its premises in Punta Gorda, Florida, sustained injuries when defective design and/or maintenance of the parking lot caused her to "trip, slip, fall and/or otherwise lose her balance." ECF No. 1-1, at ¶¶ 6–15. Home Depot moved to transfer the case to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1404 on September 12, 2014.[2] ECF No. 10.

Section 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Transferring a case under § 1404(a) is appropriate in situations "where both the original and the requested venue are proper." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995).

As an initial matter, the Court notes that venue is proper in either the Western District of Pennsylvania or in the Middle District of Florida. Pursuant to 28 U.S.C. § 1391(b), venue is proper in a civil action if the case is brought in (1) a district within the Defendant's state of residence, (2) a district wherein "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated," or (3) any district that has personal jurisdiction over any defendant. Because this Court could exercise personal jurisdiction over the Defendant in this action by virtue of its business dealings in Pennsylvania, venue is indeed proper in the Western District of Pennsylvania. *See Jumara*, 55

---

[2] The Court held an initial case management conference on October 7, 2014, ECF No. 18, and a telephone status conference on October 21, 2014, ECF No. 19. All parties stipulated at the second conference that the Court would hold disposition of the Motion to Transfer in abeyance while the parties conducted limited discovery (including depositions of both Plaintiffs) and mediation, with the hope that the parties might resolve the matter without further Court involvement. The Court made clear that by so stipulating, neither side was waiving any rights or arguments otherwise available, and that the foregoing recitation of the procedural posture would be included in this opinion should the case be transferred to the Middle District of Florida. *See* ECF No. 27, at 13–17, 19.

2

F.3d at 878–79 (citing 28 U.S.C. § 1391(c); *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 n.8 (1988)). By the same token, however, venue is proper in the Middle District of Florida, as the Defendant also transacts business in that district. Moreover, there is no doubt that events giving rise to the claim occurred substantially in that district, as the allegedly ill-designed and un-maintained parking lot which allegedly caused the fall is located in Punta Gorda, Florida. ECF No. 1-1, at ¶ 2.

The real issue is thus not whether venue is proper in either the Western District of Pennsylvania or the Middle District of Florida, but whether balancing the various interests at stake counsels in favor of transferring the case from one proper forum to another. *Jumara*, 55 F.3d at 878. In making its determination, the Court gives deference to the Plaintiffs' chosen forum, and the burden lies with the Defendant to show why transfer is appropriate. *Id.* at 879. Additionally, the Court must consider both public and private factors as set out by the Third Circuit in *Jumara v. State Farm Insurance Company*:

> The private interests have included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879–80 (citations omitted).

Home Depot argues that both the private and public factors weigh in favor of transfer. "Pennsylvania has little to no connection to the facts underlying [the] claims, which entirely arose in Florida," or so Home Depot contends, and argues that the Court should therefore afford little

3

deference to the Robinsons' forum choice. ECF No. 11, at 6. The Robinsons assert the opposite: their forum choice should command great deference, ECF No. 15, at 2–3, and private and public factors alike weigh against transfer, *id.* at 3–7. Since neither party concedes even one factor weighs decidedly in favor of the opposing party,[3] the Court will address each factor in turn.[4]

Beginning with the private factors, the parties' briefs make clear that the Robinsons prefer to remain in the Western District of Pennsylvania, while Home Depot would rather litigate the case in the Middle District of Florida. These positions could be read to cancel each other out, but because courts are to give a plaintiff's choice of forum deference and the burden is on the party seeking transfer to establish why it is appropriate, *Jumara*, 55 F.3d at 879, on this point, the tie goes to the Plaintiffs.

The next private factor, "whether the claim arose elsewhere," weighs in Home Depot's favor. *Id.* There is no dispute between the parties that Mrs. Robinson's fall occurred at the Home Depot located in Punta Gorda, Florida. ECF Nos. 11, at 2; 15, at 1. There is similarly no dispute that her initial diagnosis was made and treatment provided over several weeks following the incident in Florida. ECF No. 25, at 5, *see id.* at 18 (referencing Mrs. Robinson's deposition testimony that she remained in Florida for "two weeks after surgery" following the incident). It is also worth noting that "[n]otwithstanding the deference given to Plaintiff[]'s forum choice, courts give substantially less weight to a plaintiff[]'s forum choice when the dispute at the heart of the lawsuit occurred almost entirely in another state," meaning this factor holds particular weight in cases such as this. *See Toll Processing Servs., LLC v. Kastalon, Inc.*, No. CIV.A. 2:12-00928, 2012 WL 6562763, at *2 (W.D. Pa. Dec. 17, 2012) (collecting cases holding the same). This factor cuts substantially in favor of transfer, because by its measure, this really is a "Florida case."

---

[3] At most, each party has noted that some factors are a wash.

[4] The papers filed by each party make reference to facts gleaned from certain discovery in this case.

4

The "convenience of the witnesses" factor is only to be considered "to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879. Both sides claim the transfer decision will impact the expense incurred to ensure that witnesses appear in one way or another. ECF Nos. 15, at 4–5; 25, at 3–6; 26, at 5–7. However, neither side has advanced a position that one or more material witnesses will "actually be unavailable" to testify at a trial in one district as opposed to the other, and therefore the Court will give little weight to that factor. So, too, will the Court minimize the "location of books and records" factor, as our Court of Appeals has directed that consideration of it is "similarly limited to the extent that the files could not be produced in the alternative forum." *Jumara*, 55 F.3d at 879.

The most contentious private interest set forth in the briefs is that relating to the parties' convenience with regard to their relative physical and financial condition. Plaintiffs emphasize that they are Pennsylvania residents and that "transfer will greatly burden [them] because [it] would require significant travel costs, time, and expenses," especially because the Robinsons "are both of advanced age, and Darlene Robinson's injuries make it difficult for her to ambulate." ECF Nos. 15, at 3–4; 26, at 3. The Robinsons also note that their "attorneys are not licensed in Florida and transfer of venue would require the plaintiffs to retain additional counsel." ECF Nos. 15, at 4; 26, at 3.

Defendant, in an effort to undermine Plaintiffs' position with regard to this factor, spends portions of its supplemental brief describing the Robinsons' tangible connections to Florida in the course of living their lives, which apparently include a three-bedroom home, a car, and a 30-foot boat. Home Depot further explains that the Robinsons spend "nearly one-half of the year in Florida,"[5] traveling back and forth to Pennsylvania anywhere from four (4) to six (6) times per

---

[5] Plaintiffs appear to spend about 46% of the year in Florida, by this Court's rough calculation. *See* ECF No. 25, at 10–11 (referring to Mrs. Robinson's deposition in which she explains that she spends "approximately five and a half months" in Florida).

5

year. ECF No. 25, at 2–3. The Robinsons respond that Home Depot is a Delaware corporation with its principal place of business in Atlanta, Georgia, and that it will make no difference to the "multi-billion dollar corporation" whether the case is litigated in Pennsylvania or Florida because it conducts business in both states and is more able to bear the financial costs than an individual couple. ECF No. 26, at 3–4.

Though the Court agrees with Home Depot that the Robinsons are unlikely to be "holed up in a hotel room for the duration of trial eating take-out food" if a transfer is granted, ECF No. 25, at 2, their financial condition is also not superior to that of their opponent, a home improvement behemoth by any measure.[6] Home Depot's assessment of the Robinsons' financial condition and persistent, concrete presence in Florida with frequent trips to that state, undoubtedly supports the proposition that the Robinsons will not be inconvenienced to the degree they claim (if at all in any real sense) if the case is transferred. However, as the moving party, Home Depot has the burden of establishing why its chosen forum is better than the one elected by Plaintiffs, and merely showing a lack of great inconvenience to *Plaintiffs* if a transfer is granted simply does not cut it—Defendant must also show its *own* relative physical and financial inconvenience at having to litigate the case in the present forum.

Also looming in the background with regard to this factor is the Robinsons' least-emphasized point: their current attorneys are not licensed in Florida, and thus they claim that they will incur substantial additional costs if they are forced to litigate the case there, because they say that they would need to retain new counsel.[7] ECF Nos. 15, at 4; 26, at 3. Nonetheless, if a risk at

---

[6] Indeed, Home Depot apparently owns and operates over 2,200 locations throughout North America. Home Depot, https://corporate.homedepot.com/OurCompany/StoreProdServices/Pages/default.aspx (last visited Feb. 10, 2015).

[7] The Court is not so sure. There are procedures in place, when transfers are granted, to allow counsel licensed in Pennsylvania to practice in the Middle District of Florida *pro hac vice*. M.D. Fla. Local Rule 2.02. Thus, it would appear that the Robinsons' current counsel may remain their counsel, no matter where the case proceeds.

6

all, that is one that arises when bringing a lawsuit in one's backyard when the events at issue took place almost completely in another venue.

Considering all of the points advanced as to this factor by the parties, the Court concludes that the relative financial and physical conditions of the parties in this action largely balance out—Home Depot seemingly has the wherewithal to litigate pretty much anywhere, but Plaintiffs are by no means transient strangers to Florida, and are living very full and engaged lives in that state for a considerable part of each year.

Turning next to the public factors, neither party has argued, nor does the Court have reason to conclude, that a judgment's enforceability would be in doubt in either forum. Similarly, neither side has raised any argument relating to any "administrative difficulty" in either forum "resulting from court congestion." *Jumara*, 55 F.3d at 879. Except as noted below, the *Jumara* factor relating to public policy implications in either Pennsylvania or Florida also does not appear to be directly implicated in this case, and neither side argues it. Lastly, as to the local interest at stake in deciding local controversies at home, the Court concludes that neither party's argument weighs heavily for or against transfer. Both states have at least some interest in this action—all relevant events regarding liability took place in Florida, meaning that state has an interest in the prompt and just disposition of the case, and yet the Plaintiffs' status as Pennsylvania citizens gives this state some interest in ensuring their rights are appropriately protected. Because the Court has no reason to doubt that either district would appropriately protect the rights and interests of the parties, however, this factor is indeterminate.

The remaining factors, however, weigh substantially in favor of transfer. With regard to "practical considerations that could make the trial easy, expeditious, or inexpensive," *id.* at 879, the Court agrees with Home Depot that "[t]he condition of the parking lot will be a critical liability issue in this case," ECF No. 11, at 7. While the Court is slightly less certain than Home

7

Depot that a jury inspection of the parking lot is "likely" during trial, the Plaintiffs have consistently made a very big deal about the precise design and physical arrangement of the incident scene. Thus, that likelihood certainly cannot be ruled out, and this Court sitting in Pennsylvania surely cannot arrange such a field trip. Other aspects related to this factor, such as the costs associated with bringing witnesses and documents to either district, are not so weighty as to change that analysis, as each party has noteworthy witnesses resident in their preferred forum.

The last public factor—"familiarity of the trial judge with the applicable state law in diversity cases"—also weighs in favor of transfer. *Jumara*, 55 F.3d at 879–80. Since this is a diversity case arising in tort allegedly committed in Florida, Florida law governs.[8] Although Plaintiffs point out that "the elements required to show negligence under Florida law are not unique to that state," ECF No. 15, at 6, it is prudent to conclude that any nuances in Florida law are within the expertise of district judges sitting in Florida, just as those judges may conclude that this Court has more familiarity in applying the law as it exists in Pennsylvania. Moreover, "applicable state law" is not limited in this case to negligence principles, but also will include

---

[8] The Third Circuit has explained that "[i]n an action based on diversity of citizenship, a federal court generally applies the choice-of-law rules of the jurisdiction in which it sits." *Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167, 170 (3d Cir. 2011), *as amended* (Dec. 9, 2011). However, "when faced with a choice-of-law question, federal courts in the district to which the case has been transferred under § [1]404(a) must apply the law of the transferor state." *Id.* at 171 (citing Third Circuit and United States Supreme Court precedent) (internal quotation marks and citations omitted). In this action, that statement means that Pennsylvania choice-of-law rules would apply with regard to which state's substantive tort law will govern the case. Since Pennsylvania "uses a combination of the 'government interest' and 'significant relationship' approaches to conflict of laws analysis," courts "must evaluate 'the extent to which one state rather than another has demonstrated, by reason of its policies and their connection and relevance to the matter in dispute, a priority of interest in the application of its rule of law.'" *Kirschbaum v. WRGSB Associates*, 243 F.3d 145, 151–52 (3d Cir. 2001) (internal citations omitted). Again, the Court notes that the accident at issue occurred in Florida—Mrs. Robinson exited a car that she and her husband keep in Florida all year, ECF No. 25, at 13, sustained injuries in the parking lot of Home Depot's location in Florida, and had both immediate and follow-up care administered in Florida. Florida's "connection and relevance to the matter in dispute" thus far exceeds Pennsylvania's, and it would be highly likely that this Court would apply Florida tort law even if the case were litigated in Pennsylvania. Indeed, neither party contends otherwise in their filings. *See* ECF Nos. 11, at 8 ("This is a diversity case regarding a tort purportedly committed in Florida; thus, Florida law will apply."); 15, at 6 (explaining that Florida's negligence law is "not unique to that state," implying that application of Florida law would be appropriate even in the present forum). Of course, the final choice-of-law decision would belong to the Court in the Middle District of Florida.

consideration of local ordinances and design regulations mandating certain standards of design and maintenance of parking lots.[9] This Court will not hesitate to admit that its proficiency in that area is incomplete as compared to that of a judge sitting in the Middle District of Florida, who will almost certainly have more familiarity with the issues presented. Further, if as Plaintiffs have predicted, the issues at trial will implicate the efficacy of, and compliance with, local ordinances and design standards, Florida certainly has a prevailing interest in those regards from a policy standpoint.

An assessment of the public factors thus plainly demonstrates that Florida is naturally the more appropriate forum for this action. Because the private factors were at best inconclusive and the public factors weigh notably in favor of transfer, and because Plaintiffs' forum choice cannot overcome the reality that this is otherwise by any measure "a Florida case," the Court concludes that the "interests of justice" support the transfer of this action. The Court will therefore order that pursuant to 28 U.S.C. §1404(a), the proper course is to transfer this action forthwith to the United States District Court for the Middle District of Florida.

An appropriate Order will issue.

Mark R. Hornak
United States District Judge

cc: All counsel of record

---

[9] For instance, in the initial case management conference, Plaintiffs' counsel represented that Plaintiffs' expert had already drafted a report "indicating that the lay-out [of the parking lot] is against various [presumably local] codes." ECF No. 27, at 9.